# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **Jovo, Inc.**<br><br>**Plaintiff,**<br><br>v.<br><br><br><br>**My Pillow, Inc.**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br>_____<br><br><br>**COMPLAINT FOR INJUNCTIVE AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Jovo, Inc. (hereinafter "Jovo"), a Georgia corporation, by its undersigned attorneys, sues Defendant My Pillow, Inc. (hereinafter "My Pillow"), and alleges as follows:

## PARTIES

1. Plaintiff, Jovo, Inc. is a Georgia corporation, selling pillows with its principal place of business in Woodstock, Georgia.

2. Upon information and belief, Defendant, My Pillow, is a Minnesota corporation with its principal place of business in Chaska, Minnesota.

## JURISDICTION AND VENUE

3. This action arises under the Lanham Act of the United States, 15 U.S.C. § 1051 et seq. and the common law of the Georgia as a result of Defendant's infringement of the Plaintiff's registered and common law trademarks and service mark rights, and other unlawful activities conducted by Defendant in connection with such infringement.

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 1367 and 1338, and the doctrine of pendent and ancillary jurisdiction.

5. This Court has personal jurisdiction over Defendant because it: (a) regularly conducts business and transacts business within the State of Georgia; and (b) has committed acts of trademark and service mark infringement in the State of Georgia causing injury within the State of Georgia.

6. Venue is proper in this District and this Court pursuant to 28 U.S.C. § 1391(b)

## FACTUAL BACKGROUND
### Plaintiff and its Trademarks and Service Marks

7. Since as early as 2015, Plaintiff has been selling pillows under the trademark MOST VERSATILE PILLOW (MVP)®. Plaintiff has sold these goods under its registered trademark continuously and without interruption, since 2015 and through the present.

8. Plaintiff's success is due substantially to its branding and the quality control exercised over the use of its marks. In order to protect what it considers one of its most valuable assets, namely, the name of its pillow products, Plaintiff filed for and obtained federal trademark and service mark registrations for its marks from the United States Patent and Trademark Office. Plaintiff is the owner of the MOST VERSATILE PILLOW (MVP)® trademark which is registered on the Principal Register of the United States Patent and Trademark Office (the "Registration").

9. On November 13, 2014, Plaintiff filed a federal trademark application (U.S. Ser. No. 86/453,394) for the mark MOST VERSATILE PILLOW (MVP)® as used in connection with pillows in Intl. Class 20, and with a date of first use of at

least as early as September 10, 2015. The Registration issued on May 5, 2015, U.S. Registration Number 4,878,511.

10. The Registration is valid, continuing and constitutes prima facie evidence of Plaintiff's ownership of the Trademark and the Registration, the validity of the Trademark and Registration and of Plaintiff's exclusive rights to use the Trademark in commerce on and in connection with the goods and services recited in the Registration. A true and correct copy of the United States Patent and Trademark Office certificate of registration for the Trademark is attached hereto as Exhibit "A" and incorporated herein by this reference. The registration constitutes conclusive evidence of Plaintiff's exclusive rights to use said mark in connection with its goods.

11. In addition to Plaintiff's registered Trademark, through continuous and exclusive use of the Trademark, Plaintiff has acquired common law trademark rights in the Trademark.

12. Plaintiff acquired its common law rights and registration in the Trademark years prior to the acts of Defendant complained of herein.

13. Plaintiff has expended a great deal of time, effort and money in the promotion and advertisement of its Goods offered for sale and sold in connection with the Trademark.

14. Plaintiff's growth and success is due in large part to the public's recognition of the high quality goods and services Plaintiff provides under the Trademark. Based in part on this value, Plaintiff is continually expanding its business and offers its Goods online throughout the United States.

15. As a direct result of Plaintiff's efforts, the general public associates the Trademark, when used by Plaintiff, as identifying Plaintiff as the single source of the goods and services sold and offered for sale under the Trademark. The Trademarks distinguish Plaintiff's goods from products offered by others. Without question, the Trademark is unique. As a result of the widespread and continuous use and promotion of the Trademark, it is distinctive and/or have acquired secondary meaning in the minds of customers.

16. Also as a result of Plaintiff's widespread and continuous use and promotion of the Trademark on pillows, the Trademark has become widely known and recognized as identifying Plaintiff as the source of its goods. The Trademark represents and embodies the enviable reputation and very valuable goodwill of Plaintiff among members of the trade and the purchasing public.

**Defendants**

17. Upon information and belief, Defendant is a large national corporation that has begun using the mark GUARANTEED THE MOST VERSATILE PILLOW YOU'LL EVER OWN, which has caused and will cause confusion in the marketplace and infringes upon Plaintiff's rights. Defendant receives a direct benefit from the infringing activities. A copy of Defendant's website home page and advertising is identified as Exhibit "B" and attached hereto, and Defendant's television advertisements that include the infringing mark may be viewed at the following links:

    a) [https://www.ispot.tv/ad/I060/my-pillow-roll-and-goanywhere-best-day-ever](https://www.ispot.tv/ad/I060/my-pillow-roll-and-goanywhere-best-day-ever)

    b) [https://www.ispot.tv/ad/nIo7/my-pillow-roll-and-goanywhere-same-comfort-and-support](https://www.ispot.tv/ad/nIo7/my-pillow-roll-and-goanywhere-same-comfort-and-support)

18. Upon information and belief, customers located in Georgia have ordered pillows from Defendant, and those pillows have been shipped to addresses located in Georgia. In one instance, a pillow was purchased by a Georgia resident who ordered the pillow online and had it delivered to her Georgia address. (Please see *Affidavit of Ms. Teresa Frost*, filed herewith as Exhibit "C").

**Trademark and Service Mark Infringement**

19. Prior to filing this lawsuit, Plaintiff demanded in writing that Defendant cease using the Trademark and contact Plaintiff to coordinate an immediate cessation of all uses of the Trademark. Plaintiff sent cease and desist letters on May 7, 2019 and April 9, 2020. Copies of Plaintiff's letters are identified as Exhibit "D" and attached hereto.

20. Plaintiff received an email response to its May 7, 2019 letter on June 5, 2019 from Mr. Joseph Springer, who appears to serve as General Counsel for Defendant. Mr. Springer assured Plaintiff that the phrase "it will be the most versatile pillow you'll ever own" was "used as part of a sentence and not used as a trademark or tagline," and that Defendant had "revamped the commercial and removed the 'most versatile pillow' phrase." Defendant's response is attached hereto as Exhibit "E".

21. Contrary to the assurances of Defendant's General Counsel, Defendant continued to use the mark GUARANTEED THE MOST VERSATILE PILLOW YOU'LL EVER OWN on its website and advertising, and further, uses the registered trademark symbol ® alongside that mark, even though that mark is not registered at the US Patent and Trademark Office.

22. Defendant's unauthorized use of the Trademark creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of their goods and services such that consumers are likely to believe, contrary to fact, that Defendant's business is associated or affiliated with Plaintiff and that Defendant's business is an authorized licensee, which it is not, all to Plaintiff's irreparable loss and damage. In addition, Defendant's acts complained of herein injure Plaintiff's valuable goodwill and well established business reputation.

23. Defendant's actions were and continue to be taken in willful and malicious disregard of Plaintiff's rights.

24. Defendant's infringing activities have caused Plaintiff monetary harm.

25. Defendant's unauthorized use of Plaintiff's Trademarks is a deceptive practice that has an adverse impact on the public interest.

26. By virtue of Defendant's actions described herein, Plaintiff is being irreparably harmed and does not have an adequate remedy at law because Plaintiff's special interest in protecting the integrity of the Trademark and in preventing customer confusion are being seriously threatened. Actual confusion of purchasers is likely to occur in the future unless Defendant is enjoined from continuing its unlawful conduct. Plaintiff's irreparable injury also includes, without limitation,

harm to the value of its goodwill and business reputation and its ability to exclusively maintain its Trademark to the exclusion of all others. Defendant is also irreparably harming the ability of Plaintiff to maintain its relationships with its existing and identifiable prospective customers.

27. Plaintiff is likely to succeed on the merits of its claims. Any harm to Defendant if injunctive relief is granted would be outweighed by the harm that would result to Plaintiff if injunctive relief is not granted. The public interest would be served by the granting of injunctive relief

28. Plaintiff has hired the undersigned law firms and obligated itself to pay a reasonable attorneys' fee.

29. All conditions precedent to the bringing of this action has occurred, have been performed, have been fulfilled, or have been waived.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 11141)

30. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 29 above as if fully set forth herein.

31. This count is for infringement of a federally registered trademark in violation of the Lanham Act, 15 U.S.C. § 1051-1129.

32. The acts of Defendant complained of herein constitute trademark infringement of Plaintiff's federally registered Trademark, as depicted in the Registration, in violation of 15 U.S.C. § 1114-1118.

33. By virtue of the foregoing conduct and as a proximate result there from, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff Jovo, Inc. demands judgment against Defendant My Pillow, Inc., as follows:

(a) A declaration that Plaintiff is the owner of the entire right, title, and interest in and to the Trademark and Registration;

(b) A declaration that Plaintiff's rights in the Trademark and Registration are valid, enforceable, and have been infringed by Defendant, and that Defendant has violated other relevant federal laws and regulations;

(c) Pursuant to 15 U.S.C. § 1116(a), a preliminary injunction, and upon final hearing a permanent injunction, enjoining Defendant, its agents, employees and any persons acting in concert with Defendant, from: (i) improperly using or misappropriating, directly or indirectly, the Trademark or any colorable imitation thereof or mark confusing similar thereto; (ii) holding themselves out to the public as being an authorized Plaintiff licensee or as being affiliated with or sponsored by Plaintiff in any manner or committing any acts likely to imply such a relationship or affiliation; (iii) passing off their products and services as originating with or sponsored or authorized by Plaintiff; and (iv) otherwise infringing Plaintiff's rights in the Trademark and Registration and competing unfairly with Plaintiff;

(d) Pursuant to 15 U.S.C. § 1116(a) and 1118, an order requiring Defendant to deliver up to Plaintiff for destruction all signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, point of sale displays, and any other products in their possession or under their control, as well as any products which bear any Trademarks or marks owned by Plaintiff or any colorable imitation thereof or any mark confusingly similar thereto and any plates, molds and other means of making the same;

(e) Pursuant to 15 U.S.C. § 1116(a), a preliminary injunction, and upon final hearing a permanent injunction, ordering Defendant to notify all of their existing and prospective customers of the Court's Order;

(f) Pursuant to 15 U.S.C. § 1116 (a), an order requiring Defendant to file with this Court and serve on Plaintiff within thirty (30) days after the entry of an injunction in this cause, a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(g) Actual and consequential damages proximately caused by Defendant's actions including, without limitation, Defendant's profits and any damages sustained by Plaintiff pursuant to 15 U.S.C. § 1117(a);

(h) A trebling of all damages awarded pursuant to 15 U.S.C. § 1117(a);

(i) Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1117(a);

(j) Prejudgment interest and the costs of this action; and

(k) Such further relief as this Court deems proper.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. S 1125(a)

34. Plaintiff repeat and reallege each and every allegation of paragraphs 1 through 33 above as if fully set forth herein.

35. This count is for infringement of common law trademark rights and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051-1129.

36. Through continuous and exclusive use of the Trademark, Plaintiff has acquired common law rights in its Trademark. Plaintiff possesses common law rights in the same geographic areas that Defendant operates. Plaintiff's common law Trademark rights were established across the southeastern United States, and particularly in the State of Georgia, before Defendant first advertised and sold its infringing goods within the State of Georgia.

37. Defendant's acts set forth above are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services, in violation of 15 U.S.C. § 1125(a).

38. By virtue of the foregoing conduct and as a proximate result there from, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff Jovo, Inc. demands judgment against Defendant My Pillow, Inc., as follows:

  (a) A declaration that Plaintiff is the owner of the entire right, title, and interest in and to the Trademark and Registration;

(b)  A declaration that Plaintiff's rights in the Trademark and Registration are valid, enforceable, and have been infringed by Defendant, and that Defendant has violated other relevant federal laws and regulations;

(c)  Pursuant to 15 U.S.C. § 1116(a), a preliminary injunction, and upon final hearing a permanent injunction, enjoining Defendant, its agents, employees and any persons acting in concert with Defendant, from: (i) improperly using or misappropriating, directly or indirectly, the Trademark or any colorable imitation thereof or mark confusing similar thereto; (ii) holding themselves out to the public as being an authorized Plaintiff licensee or as being affiliated with or sponsored by Plaintiff in any manner or committing any acts likely to imply such a relationship or affiliation; (iii) passing off their products and services as originating with or sponsored or authorized by Plaintiff; and (iv) otherwise infringing Plaintiff's rights in the Trademark and Registration and competing unfairly with Plaintiff;

(d)  Pursuant to 15 U.S.C. § 1116(a) and 1118, an order requiring Defendant to deliver up to Plaintiff for destruction all signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, point of sale displays, and any other products in their possession or under their control, as well as any products which bear any Trademarks or marks owned by Plaintiff or any colorable imitation thereof or any mark confusingly similar thereto and any plates, molds and other means of making the same;

(e)  Pursuant to 15 U.S.C. § 1116(a), a preliminary injunction, and upon final hearing a permanent injunction, ordering Defendant to notify all of their existing and prospective customers of the Court's Order;

(f)  Pursuant to 15 U.S.C. § 1116 (a), an order requiring Defendant to file with this Court and serve on Plaintiff within thirty (30) days after the entry of an injunction in this cause, a written report

    under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(g)  Actual and consequential damages proximately caused by Defendant's actions including, without limitation, Defendant's profits and any damages sustained by Plaintiff pursuant to 15 U.S.C. § 1117(a);

(h)  A trebling of all damages awarded pursuant to 15 U.S.C. § 1117(a);

(i)  Plaintiff attorneys' fees pursuant to 15 U.S.C. § 1117(a);

(j)  Prejudgment interest and the costs of this action; and

(k)  Such further relief as this Court deems proper.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

39. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 38 above as if fully set forth herein.

40. This count is for trademark infringement and unfair competition under the common laws of the State of Georgia.

41. Through continuous and exclusive use of the Trademark, Plaintiff has acquired common law rights in its Trademark. Plaintiff possesses common law rights in the same geographic areas that Defendant sells its products.

42. Defendant's acts set forth above are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of

Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services, in violation of the common laws of the State of Georgia.

43. By virtue of the foregoing conduct and as a proximate result there from, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff Jovo, Inc. demands judgment against Defendant My Pillow, Inc., as follows:

(a) A declaration that Plaintiff is the owner of the entire right, title, and interest in and to the Trademark;

(b) A declaration that Plaintiff's rights in the Trademark are valid, enforceable, and have been infringed by Defendant, and that Defendant has violated other relevant federal laws and regulations;

(c) A preliminary injunction, and upon final hearing a permanent injunction, enjoining Defendant, its agents, employees and any persons acting in concert with Defendant, from: (i) improperly using or misappropriating, directly or indirectly, the Trademark or any colorable imitation thereof or mark confusing similar thereto; (ii) holding themselves out to the public as being an authorized Plaintiff licensee or as being affiliated with or sponsored by Plaintiff in any manner or committing any acts likely to imply such a relationship or affiliation; (iii) passing off their products and services as originating with or sponsored or authorized by Plaintiff; and (iv) otherwise infringing Plaintiff's rights in the Trademark and competing unfairly with Plaintiff;

(d) An order requiring Defendant to deliver up to Plaintiff for destruction all signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, point of sale displays, and any other products in their possession or under their control, as well as any products which

        bear any Trademarks or marks owned by Plaintiff or any colorable imitation thereof or any mark confusingly similar thereto and any plates, molds and other means of making the same;

(e) A preliminary injunction, and upon final hearing a permanent injunction, ordering Defendant to notify all of their existing and prospective customers of the Court's Order;

(f) An order requiring Defendant to file with this Court and serve on Plaintiffs within thirty (30) days after the entry of an injunction in this cause, a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(g) Actual and consequential damages proximately caused by Defendant's actions including, without limitation, Defendant's profits and any damages sustained by Plaintiff;

(h) Prejudgment interest and the costs of this action; and

(i) Such further relief as this Court deems proper.

## COUNT IV
## UNJUST ENRICHMENT

44. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 43 above as if fully set forth herein.

45. This count alleges that Defendant has been unjustly enriched by their illegal and improper actions.

46. Defendant has controlled, misappropriated and used the Trademark for their own advantage.

47. Through the unlawful and improper conduct described above, Defendant has, at the expense of Plaintiff, been unjustly enriched and should not be entitled to retain those benefits.

48. Plaintiff is entitled to restitution of the amount by which Defendant was, and continues to be, unjustly enriched, and Defendant should be estopped from inequitably retaining such benefits.

**WHEREFORE,** Plaintiff Jovo, Inc. demands judgment against Defendant My Pillow, Inc., as follows:

(a) A declaration that Plaintiff is the owner of the entire right, title, and interest in and to the Trademark and Registration;

(b) A declaration that Plaintiff's rights in the Trademark and Registration are valid, enforceable, and have been infringed and misappropriated by Defendant, and that Defendant has violated other relevant federal laws and regulations;

(c) A preliminary injunction, and upon final hearing a permanent injunction, enjoining Defendant, its agents, employees and any persons acting in concert with Defendant, from: (i) improperly using or misappropriating, directly or indirectly, the Trademark or any colorable imitation thereof or mark confusing similar thereto; (ii) holding themselves out to the public as being an authorized Plaintiff licensee or as being affiliated with or sponsored by Plaintiff in any manner or committing any acts likely to imply such a relationship or affiliation; (iii) passing off their products and services as originating with or sponsored or authorized by Plaintiff; and (iv) otherwise infringing Plaintiff's rights in the Trademark and Registration and competing unfairly with Plaintiff;

- (d) An order requiring Defendant to deliver up to Plaintiff for destruction all signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, point of sale displays, and any other products in their possession or under their control, as well as any products which bear any Trademarks or marks owned by Plaintiff or any colorable imitation thereof or any mark confusingly similar thereto and any plates, molds and other means of making the same;
- (e) A preliminary injunction, and upon final hearing a permanent injunction, ordering Defendant to notify all of their existing and prospective customers of the Court's Order;
- (f) An order requiring Defendant to file with this Court and serve on Plaintiff within thirty (30) days after the entry of an injunction in this cause, a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;
- (g) An accounting of profits made by Defendant as a result of the acts complained of herein;
- (h) The imposition of a constructive trust on all monies derived from Defendant's use of the Trademark and Registration, and all monies and property diverted by Defendant from Plaintiff as identified herein;
- (i) Prejudgment interest and the costs of this action; and
- (j) Such further relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable as a matter of right.

Respectfully submitted this 9th day of June, 2020.

/s/Michael R. Braun
Michael R. Braun
Law Office of Michael R. Braun
Georgia Bar No. 078534
3225 Shallowford Road, Suite 500
Marietta, GA 30062-7024
Telephone: (770) 421-6888
E-mail: michael@georgiainjury.com


/s/ Thomas Moses
Thomas Moses
Fed. ID 7049
Southeast IP Group, LLC.
P.O. Box 14156
Greenville, SC 29601
Telephone (864) 509-1905
E-mail: tmoses@seiplaw.com
(Application for Pro Hac Vice
Admission to be Submitted)
*Attorneys for Plaintiff*